[745 NYS2d 543]

In the Matter of RICHARD J. LAMBERT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 1, 2002

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*Ron Stokes,* Mohegan Lake, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated February 1, 2001, containing three charges of professional misconduct. After a prehearing conference on June 18, 2001, and a hearing on September 11, 2001, the Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation in response in which he does not oppose the motion to confirm but asks the Court to take into account the mitigation presented to the Special Referee.

Charge One alleges that the respondent was convicted of a serious crime, within the meaning of Judiciary Law § 90 (4) (d). On or about June 9, 2000, the respondent pleaded guilty in the Harrison Town Court, Westchester County, to one charge of criminal possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03, a class A misdemeanor. He was sentenced, on or about September 1, 2000, to a three-year period of probation and a certificate of conviction was entered.

Charge Two alleges that the respondent is guilty of professional misconduct, within the meaning of Judiciary Law § 90 (4) (c). The respondent failed to file a record of his conviction with the Appellate Division, Second Department, within 30 days of either the entry of his guilty plea or his sentence.

Charge Three alleges that the respondent is guilty of professional misconduct by engaging in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In view of the uncontroverted nature of the charges, the Special Referee properly sustained all three charges and the motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that no client was injured in the course of this event, that the respondent's conviction did not involve any client or any client's property or affairs, and that this represents the classic victimless crime. The respondent points out that his failure to notify the Court of his conviction within 30 days was an inadvertent oversight. The respondent asks the Court to accept the certificate of conviction filed with the verified answer nunc pro tunc.

The respondent admits that he was ensnared by his addiction and, in the end, powerless over it. He is not currently practicing law but has been enrolled in a full-time residential treatment facility. The respondent successfully completed all phases of residential treatment in March 2002.

The respondent has no prior history of attorney discipline.

In view of the nature of the misconduct, the respondent's diligent efforts to rehabilitate himself, and the absence of harm to any clients, he is censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Richard J. Lambert, is censured for his professional misconduct.