[836 NYS2d 623]

In the Matter of GREGORY LANCE WOOD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 8, 2007

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Superior Court of Connecticut, Judicial District of Hartford and New Britain at Hartford (hereinafter the Superior Court), dated April 27, 2005, the respondent was suspended from the practice of law in that state for a period of one year, effective May 17, 2005.

After being served with the notice of motion of the Grievance Committee for the Ninth Judicial District (hereinafter Grievance Committee) for the imposition of reciprocal discipline upon him, the respondent submitted an answer, dated July 29, 2005, in which he alleged that there was such an infirmity of proof establishing the misconduct that this Court should not accept the findings of the Connecticut court. He submitted that there was, at no time, any evidentiary hearing or meeting scheduled in Connecticut despite his request. In addition, the respondent maintained that the imposition of discipline by this Court would be unjust inasmuch as the Connecticut discipline was not based on any tested evidence of the Grievance Committee.

A preliminary conference was initially scheduled for February 16, 2006. On that date, the respondent appeared with his counsel, Peter St. George Davis, who advised that he would have to withdraw as counsel inasmuch as he expected to be called as a witness in this matter. The respondent requested an adjournment to consider retention of new counsel. The respondent appeared pro se at the adjourned preliminary hearing on March 10, 2006, and at the hearing conducted on April 10, 2006, and May 2, 2006.

Most of the respondent's practice was focused on criminal law in New York State. The instant matter emanates from a Connecticut complaint. The respondent was aware that a complaint had been brought against him in Connecticut by Faith V. Booker and that she had testified in those proceedings. He does not believe that a transcript of those proceedings was ever made available to him or to anyone acting on his behalf. He believed that she sought reimbursement of her fee inasmuch as he had failed to maintain a court appearance. The respondent submitted a response to the Connecti-

cut complaint by letter dated May 11, 2003, along with his file to the Statewide Grievance Committee of the State of Connecticut (hereinafter the Statewide Committee). A hearing date was scheduled for December 10, 2003. Both the respondent and complainant were apprised of the hearing. Although complainant appeared and testified, the respondent failed to appear.

By cover letter dated March 19, 2004, the Statewide Committee provided the respondent with a copy of the reviewing committee's decision reflecting a finding by clear and convincing evidence that the respondent had engaged in acts of professional misconduct. The reviewing committee recommended that the respondent be presented to the Superior Court for whatever discipline the court deemed appropriate. It was specifically found that after being retained by the complainant in November 2000 to represent her in matters pending in the Superior Court for juvenile matters in Waterbury regarding her three minor children, the respondent did little on her behalf. Although he filed an appearance in various juvenile court matters and appeared at one hearing, the respondent missed subsequent hearings or moved for continuances, claiming that he was on trial in New York and hence, was unable to appear. The respondent failed to provide the complainant with a written agreement that detailed the scope of the representation and the fee to be charged. By January 2003, the complainant had made payments totaling $2,813 and requested a bill showing the legal services charged against the paid retainer. The respondent's bill incorrectly credited the complainant with payments of only $1,913 and charged $1,500 for 12 letters at $125 each and $1,000 for "continuing review of file." According to the reviewing committee, the file contained only nine letters, the longest of which was seven lines.

The Statewide Committee's letter advised the respondent of the procedures by which he could seek review of that decision. The respondent failed to avail himself of the opportunity to request review.

The reviewing committee's findings were set forth by the Statewide Committee in a presentment of attorney for misconduct to the Superior Court. The respondent appeared on the scheduled hearing date with his New York attorney, Peter St. George Davis. The hearing was adjourned at the request of grievance counsel. When asked to put in a notice of appearance,

Mr. Davis learned that he had been suspended in Connecticut due to his failure to pay a $75 client security fee.

By letter dated April 5, 2005, the respondent requested a continuance of the status update scheduled for April 6, 2005, to allow his attorney to address his Connecticut suspension or retain new counsel. That request was denied. Although the respondent was aware that he might be held in default, he nevertheless failed to show up on the scheduled date.

By order dated April 27, 2005, the respondent was suspended from the practice of law in the State of Connecticut for one year. It was ordered that the respondent successfully complete the Multistate Professional Responsibility Examination and make full restitution to Faith V. Booker in the amount of $2,813 prior to reinstatement in the State of Connecticut. Although the respondent consulted with some attorneys with respect to filing an appeal from that determination, he did not pursue an appeal. Shortly after he was notified of his suspension by the disciplinary authorities in Connecticut, the respondent was contacted by the Grievance Committee in New York.

We find that the Special Referee properly determined that the respondent did not sustain his burden of proof with respect to the defenses to the imposition of reciprocal discipline. Accordingly, the Grievance Committee's motion to impose reciprocal discipline is granted.

The respondent's disciplinary history in New York consists of a letter of caution dated April 4, 2003, based upon his involvement in a sexual relationship with a client in a matrimonial action almost immediately upon the finalization of her divorce. According to the Grievance Committee, this raised questions about the independence of the respondent's professional judgment during the course of his prior representation. It concluded that the respondent had engaged, at the very least, in "behavior requiring comment" as being imprudent and unprofessional.

The evidence reflects that the respondent failed to appreciate the seriousness of the charges of professional misconduct, which included a lack of diligence in a client matter and conduct prejudicial to the administration of justice, by failing to attend a grievance hearing.

Under the totality of circumstances, including the remoteness in time of the Connecticut misconduct, the respondent is publicly censured on the basis of the Connecticut discipline.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and FISHER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct.