[928 NYS2d 717]

In the Matter of GREGORY LANCE WOOD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 30, 2011

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

*Gregory Lance Wood,* Mount Vernon, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

On December 22, 2009, the respondent pleaded guilty in the County Court, Westchester County, to one count of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, in violation of Penal Law § 220.03. The respondent admitted that on or about February 6, 2009, at approximately 9:15 P.M., while outside his residence in Mount Vernon, he came into possession of cocaine. The respondent was sentenced to a discharge of one year, conditioned upon his successful participation in a substance abuse program (Treatment Alternatives to Street Crime), and payment of a $200 surcharge.

By decision and order on motion dated March 23, 2010, this Court determined that the respondent's conviction constituted a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). However, this Court vacated the automatic suspension resulting from the respondent's conviction of a "serious crime," and authorized the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) to institute and prosecute a disciplinary proceeding against the respondent based upon his conviction of a "serious crime." In the decision and order on motion dated March 23, 2010, this Court also authorized the Grievance Committee to serve and file a petition relative thereto, directed the respondent to serve an answer to the petition, and directed that the issues raised by the petition and any answer thereto be referred to Steven C. Krane, care of Proskauer Rose, LLP, as Special Referee, to hear and report, and that Krane submit a report within 60 days after the conclusion of the hearing or the submission of posthearing memoranda. By decision and order on motion dated June 29, 2010, this Court, following the death of Steven C. Krane, directed that the issues raised by the petition and any answer thereto be referred to Nicholas Leo, Jr., as Special Referee, to hear and report, and that he submit a report within 60 days after the conclusion of the hearing or the submission of posthearing memoranda.

The respondent was served with a petition containing three charges of professional misconduct. After a hearing at which the respondent appeared pro se, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the report of the Special Referee.

Charge one alleges that the respondent has been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, Second Department (22 NYCRR) § 691.7 (b), in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), as a result of his plea of guilty, on December 22, 2009, to one count of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, in violation of Penal Law § 220.03.

Charge two alleges that the respondent has been guilty of professional misconduct, within the meaning of Judiciary Law § 90 (4) (c) by failing to file a record of his conviction with the Appellate Division, Second Judicial Department, within 30 days of either the entry of his plea of guilty or his sentence.

Charge three alleges that the respondent has been guilty of engaging in conduct adversely reflecting upon his fitness to practice law, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), by reason of the conduct set forth in charges one and two.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained charges one, two and three. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has successfully participated in, and completed, a substance abuse program, tested negative for alcohol or drugs during his participation in same, fully complied with the requests of the Grievance Committee, and successfully completed the terms of his one-year conditional discharge. However, we note that the respondent was publicly censured by opinion and order of this Court dated May 8, 2007 (*Matter of Wood*, 42 AD3d 77 [2007]), as a result of his one-year suspension in Connecticut and that, prior to his public censure, the respondent received a letter of caution dated March 4, 2003, based upon his involvement in a sexual relationship with a client in a matrimonial action immediately upon the finalization of her divorce, which "raised questions about the independence of [the respondent's] professional judgment during the course [of his] prior representation" and was, at a minimum, "imprudent and unprofessional."

Under the totality of circumstances, including the likelihood that said discipline resulted from the respondent's prolonged substance abuse, and the absence of any specific client harm in the instant case, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Gregory Lance Wood, is censured for his professional misconduct.