[940 NYS2d 657]

In the Matter of THOMAS JOSEPH PERKOWSKI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 20, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Levett Rockwood P.C.*, New York City (*Candace V. Milligan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

This application is predicated upon a final order of the United States Patent and Trademark Office (hereinafter USPTO) dated June 17, 2011, suspending the respondent for a period of 24 months and staying said suspension for a 24-month probationary period, and an order of the Connecticut Superior Court, Judicial District of Stamford/Norwalk, dated September 7, 2011, reciprocally suspending the respondent for a period of 24 months and staying said suspension for a 24-month probationary period. The former order was premised upon a stipulated set of facts, pursuant to which the respondent was found guilty of signing and submitting 18 checks to the USPTO drawn on insufficient funds between February 2006 and March 2008, which checks were returned when the USPTO presented them for payment. The USPTO concluded that the respondent had engaged in conduct prejudicial to the administration of justice and conduct reflecting adversely on his fitness to practice before the USPTO, in violation of 37 CFR 10.23 (b) (5) and (6) (*cf.* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]).

The respondent was served with written notice pursuant to 22 NYCRR 691.3 and Judiciary Law § 90 (6) on September 28, 2011. On or about October 17, 2011, he served a verified statement pursuant to 22 NYCRR 691.3 (c) (3), in which he did not raise any of the enumerated defenses to reciprocal discipline or demand a hearing. Rather, the respondent asked the Court to consider that he practices law in the State of Connecticut and that he was reciprocally disciplined in that state, following the final order of discipline from the USPTO.

The respondent acknowledged that the discipline imposed by the USPTO resulted from the issuance, by him, of multiple checks that did not clear due to insufficient funds in his operating account. He asserted that the foregoing was the product of poor accounting controls during the period from February 2006 through March 2008. No such lapses had occurred prior thereto, nor have they occurred since. The respondent averred that no economic loss occurred either to the USPTO or to any client. He asserted that this conduct will never occur again.

The respondent does not contest the imposition of reciprocal discipline in New York. Thus, there is no impediment to the imposition of same.

Inasmuch as the respondent has asserted none of the enumerated defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Tenth Judicial District is granted and the respondent is hereby publicly censured in New York.

Mastro, A.P.J., Rivera, Skelos, Dillon and Lott, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Thomas Joseph Perkowski, is publicly censured in New York.