[1 NYS3d 383]

In the Matter of Mario L. DeMarco, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, February 4, 2015

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for petitioner.

*Mario L. DeMarco*, Port Chester, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

By decision and order of the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit), dated and filed October 4, 2013 (733 F3d 457 [2d Cir 2013]), the respondent was publicly reprimanded for (1) failing to timely file petitions for review, and submitting deficient briefs, which did not address an issue the Court had instructed the respondent to address, in two companion cases, (2) failing to timely file the Court's "Form C/A" (i.e., civil appeal pre-argument statement) in 11 cases; and (3) failing to timely file a brief in 10 cases. As a condition of his reprimand, the respondent was ordered, inter alia, to (a) complete, within one year of the date of the Court's decision and order, at least six hours of live in-class continuing legal education (hereinafter CLE) instruction in law office/practice management; (b) certify his completion of the foregoing CLE classes by sworn statement filed with both the Court and the Committee, within seven days after the end of the one-year period; (c) submit, for the next two years, beginning with the date of the Court's decision and order, biannual status reports to the Committee, providing (i) each and every instance in which a submission is not filed timely or is filed out of time, or (ii) an application is made for permission to make a late filing only after the due date has passed; and (d) disclose the Court's decision, its appendices, and the other Committee reports to all courts and bars of which he is currently a member, and as required by any bar or court rule or order.

On or about November 20, 2013, the Grievance Committee for the Ninth Judicial District served the respondent with a notice pursuant to 22 NYCRR 691.3, apprising him of his right to file, within 20 days of service upon him, a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in section 691.3 (c), that is, that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due

process; that there was such an infirmity of proof establishing the misconduct that this Court could not accept as final the finding of the foreign jurisdiction; or that the imposition of discipline by this Court would be unjust. In response, the respondent submitted a verified statement wherein he effectively asserted, inter alia, that the imposition of reciprocal discipline would be "unjust" inasmuch as no client was harmed; no client complained; the subject conduct occurred between 2004 and 2007; and ameliorative steps were taken. He requested a hearing.

Following a hearing on April 2, 2014, the Special Referee submitted a report in which he found that the respondent had failed to sustain his burden of proving (1) that the procedure in the Second Circuit was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not accept the findings of the Second Circuit; and (3) that the imposition of discipline by this Court would be unjust.

The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent opposes the Grievance Committee's motion to confirm the Special Referee's report, asserting that "upon information and belief, most attorneys accused of . . . conduct similar to that for which I was investigated for . . . and subsequently [received a reprimand], only receive a 'letter of caution' from the state . . . Grievance Committee." He asserts: "To subject me to further public reporting and humiliation is excessive."

Addressing the arguments raised by the respondent, the Referee stated that the "respondent contends that no client was harmed and no client filed a complaint against him alleging professional misconduct. The mere fact that no client was harmed or that no client filed a complaint does not make it unjust to impose reciprocal discipline" (citing *Matter of Perkowski*, 94 AD3d 122 [2012] [reciprocal discipline of public censure imposed where no client was harmed]).

Another argument made by the respondent is that the conduct, which led to a public reprimand in the Second Circuit, occurred between 2004 and 2007, and that prior to referral of the matter by the Second Circuit to their Committee on Admission and Grievances (hereinafter the CAG), he took ameliorative steps to prevent any further deficiency in his conduct.

However, these factors were already considered by the CAG, as well as the Second Circuit. Nonetheless, they found that the respondent's neglect of legal matters, failure to properly supervise staff, and failure to address a legal issue directed to him by the Court, was sufficiently egregious to warrant a public reprimand. The respondent also argues that the imposition of reciprocal discipline—i.e., a public censure—would be unjust because, in the Internet age, any public reprimand is more easily accessible to the client population. However, the mere fact that information is now more readily available to the public should not be a ground for finding that the imposition of reciprocal discipline would be unjust. The Referee concluded that the respondent had failed to meet his burden, by a preponderance of the evidence, of establishing that any of the foregoing factors would make the imposition of reciprocal discipline unjust (*citing Matter of Wood*, 42 AD3d 77, 78 [2007]; *Matter of Rudolph*, 76 AD3d 360, 361 [2010]).

The respondent was publicly reprimanded by the Second Circuit for, inter alia, (1) failing to timely file petitions for review, and submitting deficient briefs which did not address an issue the Court had instructed the respondent to address, in two companion cases; (2) failing to timely file the Court's "Form C/A" in 11 cases; and (3) failing to timely file a brief in 10 cases. Consistent with the Special Referee's conclusions, we find that the respondent has failed to establish any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), and that a public censure is appropriate for the respondent's conduct.

Accordingly, the Grievance Committee's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; the Grievance Committee's motion to confirm the Special Referee's report is granted; and the respondent is publicly censured.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Mario L. DeMarco, is publicly censured for his professional misconduct.