[37 NYS3d 895]

In the Matter of SCOTT THOMAS ROESCH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 28, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

By affirmation dated June 17, 2015, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised this Court that on or about May 24, 2014, the respondent was charged by felony complaint in the District Court of Nassau County, First District, with criminal possession of a controlled substance in the fourth degree in violation of Penal Law § 220.09 (1), a class C felony. On January 26, 2015, the respondent pleaded guilty in the District Court to criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, a class A misdemeanor.

By decision and order on motion dated October 30, 2015, this Court, on its own motion, determined that the respondent had been convicted of a serious crime, but vacated the automatic suspension pursuant to Judiciary Law § 90 (4) (f) resulting therefrom (*see Matter of Wood*, 88 AD3d 185 [2011]; *Matter of Lambert*, 296 AD2d 151 [2002]). This Court directed the Grievance Committee to serve and file a petition, directed the respondent to serve and file an answer to the petition, and referred the issues raised by the petition and any answer thereto to the Honorable Gary Weber, as Special Referee, to hear and report. By decision and order on motion dated December 7, 2015, this Court, on its own motion, relieved the Honorable Gary Weber as Special Referee, and the matter was reassigned to the Honorable Elaine Jackson Stack, as Special Referee.

The Grievance Committee served the respondent with a verified petition dated November 19, 2015, containing two charges of professional misconduct. After a hearing conducted on January 20, 2016, the Special Referee sustained charge two, but declined to sustain charge one, in a report dated February 29, 2016. The petitioner now moves to confirm in part, and disaffirm in part, the Special Referee's report and to impose such discipline as this Court deems just and proper. The respon-

dent, in responsive papers submitted by his attorney, requests, in effect, that this Court deny that branch of the petitioner's motion which seeks to disaffirm, in part, the Special Referee's report, confirm the Special Referee's report, and refer the matter back to the petitioner for the issuance of a letter of admonition. We find that the Special Referee properly sustained charge two, but improperly declined to sustain charge one based upon the evidence adduced.

The petition alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, and that adversely reflects on his fitness as a lawyer, in violation of rules 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as alleged in charges one and two, respectively. On or about May 24, 2014, the respondent was charged by felony complaint in District Court, docket No. 2014NA010291, with criminal possession of a controlled substance in the fourth degree in violation of Penal Law § 220.09 (1), a class C felony. It was alleged that on or about May 23, 2014, the respondent knowingly possessed a narcotic drug, cocaine, having a weight of one-eighth ounce or more. On January 26, 2015, pursuant to a written plea and sentence contract, the respondent entered a plea of guilty to a reduced charge of criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, a class A misdemeanor. In his plea allocution, the respondent admitted that on May 23, 2014, he knowingly and unlawfully possessed cocaine. Pursuant to the plea and sentence contract, the matter was transferred to a Nassau County treatment court.

The respondent, by his attorney, filed an answer in which he admitted all of the factual allegations contained in the petition, but, in essence, denied that his conduct violated the Rules of Professional Conduct (22 NYCRR 1200.0) as alleged in the petition.

We find that the Special Referee properly sustained charge two, but improperly declined to sustain charge one based upon the evidence adduced, which established that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, and that adversely reflects on his fitness as a lawyer, in violation of rules 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as alleged in charges one and two, respectively. Accordingly, we grant the Grievance Committee's motion to

confirm in part, and disaffirm in part, the Special Referee's report.

In determining an appropriate measure of discipline to impose, this Court has considered the following factors in mitigation: the respondent's compliance with the conditions imposed in treatment court, which resulted in the dismissal of the criminal charges against him on January 26, 2016, his sincere statements of remorse, numerous affidavits and affirmations in support of his good character, and his unblemished disciplinary record.

Under the totality of the circumstances, the respondent is publicly censured (*see Matter of Wood*, 88 AD3d 185 [2011]; *Matter of Lambert*, 296 AD2d 151 [2002]).

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Scott Thomas Roesch, is publicly censured for his professional misconduct.